UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Owen Burgess, individually and on behalf of all others similarly situated;<br><br>        Plaintiff,<br><br><br><br> -v.-<br>Alltran Financial, LP;<br>CACV of Colorado, LLC.<br><br>        Defendant. | Civil Action No: 1:21-cv-6626<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Owen Burgess (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Horowitz Law, PLLC, against Defendants Alltran Financial, LP ("Alltran"); and CACV of Colorado, LLC ("CACV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. This action seeks to recover for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

4. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

5. Plaintiff is seeking damages and declaratory relief.

## PARTIES

6. Plaintiff is a resident of the State of New York, County of Queens.

7. Defendant Alltran Financial, LP is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service c/o the CT Corporation System at 28 Liberty Street, New York, NY, 10005.

8. Upon information and belief, Defendant Alltran is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant CACV of Colorado, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service c/o Corporation Service Company at 80 State Street, Albany, NY 12207.

10. Upon information and belief, Defendant CACV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## THE FDCPA

11. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

12. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

13. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

14. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers… as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcar Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008).

15. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

16. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer---understands the notice he or she receives." *Russell*, 74 F.36 at 34.

17. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.* 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," of if the communication "would make the least sophisticated consumer uncertain as to his rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

18. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendnat's culpability my only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id*.

**CLASS ALLEGATIONS**

19. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

20. Plaintiff seeks to certify a class of:

> All consumer to who Defendant Alltran on behalf of Defendant CACV sent an initial collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

21. This action seeks a finding that Defendant Alltran and Defendant CACV's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. §1692k.

22. The Class consist of more than thirty-five persons.

23. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

25. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by

common proof. Moreover, Plaintiff has retained counsel experienced in actions brough under consumer protection laws.

## FACTUAL ALLEGATIONS

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

27. Some time prior to December 1, 2020, an obligation was allegedly incurred by Plaintiff to Providian National Bank (the "debt").

28. The alleged obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

29. The alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

30. Providian National Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

31. Upon information and belief, Providian National Bank sold the debt to Defendant CACV of Colorado, LLC.

32. Defendant CACV of Colorado, LLC contracted with Defendant Alltran to collect the alleged debt.

33. Defendants Alltran and CACV collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

34. On or about December 1, 2020, Defendant Alltran sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt. **See Exhibit A**.

35. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G-Notice", which must include the following information:

   1) the amount of the debt;

   2) the name of the creditor to whom the debt is owed;

   3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

36. The Letter states the last payment date on the alleged debt was on November 17, 2003.

37. The alleged underlying debt was time-barred and a lawsuit could no longer be commenced on the account.

38. The letter omitted the fact that the statute of limitation for the debt had expired.

39. This is a material fact that is required to be disclosed to Plaintiff.

40. In the alternative, Defendants sought to collect on a previous judgment, the Letter does not state that a judgment was entered.

41. The Letter does not state that Defendants are collecting on a judgment.

42. The Letter states the "Account Balance" is $4,378.43.

43. The Letter does not state if this is inclusive of all costs and fees associated with the judgement.

44. The Letter does not state if interest is accruing on this balance.

45. Upon information and belief, a judgment was entered on this account on November 14, 2008.

46. Pursuant to New York CPLR §522 judgements automatically accrue interest.

47. Plaintiff knows that judgments generally accrue interest.

48. Furthermore, Plaintiff had previously received other collection letters regarding the alleged debt from other debt collectors in which judgement interest and or fees were added.

49. Upon information and belief, the balance on the judgment that was entered is more than the $4,378.43, due to the accumulation of additional interest, fees and or costs.

50. A debt collector must disclose that interest is accruing on a debt or that it is waiving any additional interest.

51. The Letter failed to disclose that either interest is continuing to accrue on the alleged debt or that it is waiving any accrual of interest.

52. In addition, the Letter is contradictory as it also implies, without alerting Plaintiff as to what the change will be, that the balance may increase as it states "Amount Due as of 11/23/2020."

53. The amount stated as due is therefore false, deceptive, misleading, and unfair.

54. The Letter is dated December 1, 2020, yet gives no indication what will be needed to satisfy the alleged debt as of the date of the Letter.

55. Even if Defendants did not intend to collect the accrued interest, Defendants retained the right to collect the statutory interest.

56. Due to the confusing and contradictory messages contained in the Letter, if Plaintiff paid the full alleged balance of the Letter, he would not know whether the alleged debt has been paid in full or if Defendants could still seek judgement interest.

57. Even if Plaintiff had paid the full account balance to Defendant Alltran, Defendant CACV may re-place the outstanding judgment interest with a different debt collector as it had done previously.

58. The Letter's confusing message led Plaintiff to believe the letter was fraudulent and he was unable to properly respond to the Letter.

59. Due to Defendants irregular Letter, Plaintiff was prevented from taking certain actions that he would have otherwise taken had Defendants Letter not been false, deceptive, and misleading.

60. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

61. In addition, Plaintiff suffered emotional harm due to Defendants acts.

62. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendant dis not maintain procedures reasonably adapted to avoid any such violations.

63. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability

to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

64. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

67. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68. Defendants violated said section by making a false and misleading representation in violation of §§ 1692e and 1692e(10), and falsely representing the character amount or legal status of the debt in violation of in violation of §1692e (2).

69. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to actual damages, statutory damages, costs and attorney's fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

70. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

71. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violation various provision of the FDCPA, including but not limited to, 15 U.S.C. §1692f.

72. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

73. Defendant violated this section by unfairly and unconscionably collecting the alleged debt, as described above.

74. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq.* of the FDCPA, and Plaintiff is entitled to actual damages, statutory damages, costs and attorney's fees.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

75. Plaintiff repeats the above allegations as if set forth here.

76. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

77. Pursuant to 15 U.S.C. § 1692g, within five days after the initial communication with a consumer, a debt collector must send written notice of the amount of the debt.

78. Defendant violated this section by failing to provide the proper amount of the debt owed as is required by Section 1692g.

79. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

80. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Owen Burgess, individually and on behalf of all others similarly situated, demands judgment from Defendant Alltran as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Flushing, New York
November 29, 2021

/s/ *Uri Horowitz*
By: Uri Horowitz, Esq.
**Horowitz Law, PLLC**
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8700
Fax: (718) 705-8705
Uri@horowitzlawpllc.com

*Attorneys For Plaintiff*